**FILED**
**U.S. District Court**
**District of Kansas**
06/24/2026
**Clerk, U.S. District Court**
By:__SND__Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHAUNCEY L. BROWNFIELD,

    **Plaintiff,**

    v.                       **CASE NO.  26-3115-JWL**

ALLEN CARTER, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Chauncey L. Brownfield is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

On May 4, 2026, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983.  He is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  The Court issued a notice of deficiency ("NOD") directing Plaintiff to provide the financial information required to support his motion for leave to proceed in forma pauperis.  The deadline to respond to the NOD was June 3, 2026.  Given the current delays prisoners are experiencing in obtaining account statements, the Court grants Plaintiff provisional leave to proceed in forma pauperis.  Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period, and he must submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

Plaintiff alleges in his Complaint that on June 19, 2025, Officer Gillespie arrived at cell D-2 110 in response to a call regarding "inmate under the influence." (Doc. 1, at 5.)  Plaintiff spoke

1

with Gillespie for a few minutes and then stood up and cuffed up. *Id*. Plaintiff claims he did not need the stair chair, but when Gillespie said he had to use it, he complied. *Id*. He was taken to the medical clinic for assessment. *Id*.

Defendant Cristina Moore took Plaintiff's vitals, which were normal. *Id*. Moore then reached for Plaintiff's glasses and he "moved [his] hand and objected verbally." *Id*. Plaintiff claims that Moore took his glasses anyway, and turned to shine a light in Plaintiff's eyes. *Id*. Plaintiff closed his eyes and Moore "tried to pry [his] eyes open with her fingers while the officers held [Plaintiff's] head. *Id*. Plaintiff claims he screamed out in pain and Moore stopped. *Id*. Moore asked Plaintiff why he wouldn't let her check his eyes. When Plaintiff responded that he was refusing medical treatment, Moore said "I think you won't let me check your eyes cause your [sic] high." *Id*. Plaintiff stated that he was not high and that Moore could not check his eyes. *Id*.

Plaintiff was then wheeled to segregation and Officers Jonathan Gillespie, Allison Cunningham, and Lt. Allan Carter placed Plaintiff in the strip out cage. *Id*. Plaintiff claims that normal procedure is to let the inmate undress themselves and if the inmate is unable, they will cut the clothing off. *Id*. Plaintiff claims that Lt. Carter was angry because Plaintiff would not let the nurse check him out, so Carter ordered Gillespie and Cunningham to strip Plaintiff. *Id*. Plaintiff alleges that "they" came into the cell, slammed Plaintiff face-down on the floor, ripped his pants and boxers off "violently," and "slapped [Plaintiff's] butt cheeks and laughed on the way out of the cell." *Id*.

Plaintiff wrote a letter to PREA and got no response. *Id*. Plaintiff had his sister send the Hutchinson Police Department to HCF, and they sent Lt. Carter to investigate. *Id*. Plaintiff spoke to Mark Mora, the PREA liaison, a few months later and he told Plaintiff that Lt. Carter closed the investigation. *Id*. Plaintiff claims that Lt. Carter denied receiving a letter from Plaintiff and was

unwilling to investigate further. *Id*. Plaintiff claims the investigation took place in Unit Team Gillespie's office, and she is Jonathan Gillespie's wife. *Id*. Plaintiff claims the Institutional Director of Disciplinary found Plaintiff not guilty of being under the influence. *Id*.

As Count I, Plaintiff alleges that his right to not incriminate himself was violated when Cristina Moore tried to pry Plaintiff's eyes open to check his pupils after Plaintiff refused medical treatment. *Id*. at 6. Plaintiff claims this was done in front of "unwelcome company" and constituted a HIPAA violation. *Id*.

As Count II, Plaintiff alleges sexual harassment and unnecessary force based on Jonathan Gillespie and Allison Cunningham aggressively tearing Plaintiff's pants and boxers off, slapping Plaintiff's butt cheeks, and leaving Plaintiff naked in a cell with bars. *Id*. Plaintiff claims that they laughed on the way out of the cell. *Id*. at 5. Plaintiff states "note Allison is a transgender." *Id*. at 6.

As Count III, Plaintiff alleges a due process violation based on Lt. Carter closing the PREA investigation after Plaintiff made a report. *Id*. at 7. Plaintiff claims that Mark Mora refused to look any further into Plaintiff's PREA complaint. *Id.*

Plaintiff names as defendants: Allan Carter, HCF Lieutenant; Jonathan Gillespie, HCF Master Sergeant; Allison Cunningham, HCF Cellhouse Sergeant; Cristina Moore, HCF Nursing Staff; and Mark Mora, PREA Liaison. For relief, Plaintiff seeks $500,000 in compensatory damages from each defendant. *Id*. at 8.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are

legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Count I

As Count I, Plaintiff alleges that his right to not incriminate himself was violated when Cristina Moore tried to pry Plaintiff's eyes open to check his pupils after Plaintiff refused medical treatment. He also claims that this was done in front of "unwelcome company" and constituted a HIPAA violation.

Plaintiff has failed to explain how his Fifth Amendment rights were violated or how he was forced to incriminate himself.  Plaintiff acknowledges that he refused to let Moore check his pupils, and he was not compelled to have them checked.  The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself, . . .." U.S. Const. amend. V.  "The Supreme Court has concisely stated that '[t]o qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled.'" *United States v. Morgan*, 294 F. Supp. 3d 1218, 1224–25 (D. N.M. 2018) (citing *Hiibel*, 542 U.S. at 189, 124 S. Ct. 2451 (citing *United States v. Hubbell*, 530 U.S. 27, 34–38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000)) ).

Plaintiff's claim of a HIPAA violation does not state a claim for relief under § 1983.  The Tenth Circuit Court of Appeals has determined that HIPAA does not create a private right of action for unlawful disclosures of medical information. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").  Plaintiff should show good cause why his claims in Count I should not be dismissed for failure to state a claim.

**B.  Count II**

As Count II, Plaintiff alleges sexual harassment and unnecessary force based on Jonathan Gillespie and Allison Cunningham aggressively tearing Plaintiff's pants and boxers off, slapping Plaintiff's butt cheeks, laughing on their way out of the cell, and leaving Plaintiff naked in a cell with bars.  Plaintiff alleges that normal procedure is to let the inmate undress themselves and if the inmate is unable, they will cut the clothing off.  Plaintiff claims that Lt. Carter was angry because Plaintiff would not let the nurse check him out, so Carter ordered Gillespie and Cunningham to strip Plaintiff.  Plaintiff alleges that "they" came into the cell, slammed Plaintiff face-down on the

6

floor, ripped his pants and boxers off "violently," and "slapped [Plaintiff's] butt cheeks and laughed on the way out of the cell."

Plaintiff alleges that he was subjected to sexual harassment when Defendants slapped his butt cheeks, laughed as they exited the cell, and left him naked in the cell. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain, that is forbidden by the Eighth Amendment." *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000) (internal quotations omitted) (citations omitted). A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Id*.; *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998).

In this case, Plaintiff alleges that Defendants slapped his butt cheeks, laughed, and left him naked in the cell. "In *Joseph,* the Tenth Circuit affirmed the dismissal of plaintiff's Eighth Amendment excessive force claim that a secretary in the prison education department touched him several times in a suggestive manner and exposed her breasts, causing emotional distress." *Lewis v. Carrell*, 2013 WL 593663, at *6 (D. Kan. 2013) (citing *Joseph*, 2000 WL 1532783, at *1–2). "The court found that objectively, the alleged sexual harassment was not sufficiently serious to state an Eighth Amendment violation." *Id.*

This Court in *Lewis* found that the plaintiff plausibly alleged an Eighth Amendment violation where the plaintiff alleged that during a pat-down search the officer grabbed plaintiff's penis and applied pressure, causing plaintiff to experience pain in his groin and blood in his urine. *Id*. at *2, *6.  The Court distinguished two cases finding no violation—one where the contact

occurred during a confrontational search, and one where the plaintiff suffered no injury. *Id*. at *5 (citing *Rhoten v. Werholtz,* 243 Fed. Appx. 364 (10th Cir.2007) (confrontational search), and *Joseph*, 2000 WL 1532783, at *1–2 (no injury)).

Plaintiff has not alleged how long he was left naked in the cell, or whether his sexual harassment claim in based solely on the one instance of being slapped on the butt cheeks. Plaintiff has also failed to distinguish between the actions of Defendant Jonathan Gillespie and Defendant Allison Cunningham, referring instead to their collective actions. In filing an amended complaint, Plaintiff should clarify the actions taken by each defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Robertson v. Las Animas County Sheriff's Dept.,* 500 F.3d 1185, 1193 (10th Cir. 2007); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "To establish a violation of § 1983 . . . the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Porro v. Barnes,* 624 F.3d 1322, 1327–28 (10th Cir.2010).

In Count II, Plaintiff alleges sexual harassment and unnecessary force. (Doc. 1, at 6.) As his supporting facts for this claim, he refers to Defendants Gillespie and Cunningham aggressively tearing off his pants and boxers, slapping his butt cheeks, and leaving him naked in the cell. *Id*. Although Plaintiff does not mention being slammed face down on the ground in Count II, he does state that allegation in the section of his Complaint asking him to briefly state the background of

his case. *Id*. at 5.

"[C]laims of excessive force involving convicted prisoners arise under the Eighth Amendment." *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (citation omitted). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*.

To establish the subjective component, Plaintiff must show that Defendants "act[ed] with a sufficiently culpable state of mind." *Cochran*, 339 F.3d at 1212 (citation omitted). "In order to establish such a claim, a prisoner must demonstrate that the defendant officials engaged in the 'unnecessary and wanton infliction of pain.' " *Reed v. Smith*, 1999 WL 345492, at *4 (10th Cir. 1999) (citation omitted).

9

In filing an amended complaint, Plaintiff should clarify whether or not he is alleging excessive force based on being slammed to the ground. Plaintiff should provide supporting facts regarding the incident and whether or not he received any injuries. Plaintiff should also distinguish between the actions of Defendant Jonathan Gillespie and Defendant Allison Cunningham, as set forth above.

### C. Count III

As Count III, Plaintiff alleges a due process violation based on the closing of the PREA investigation after Plaintiff made a report. Plaintiff claims that Mark Mora refused to look any further into Plaintiff's PREA complaint.

Plaintiff acknowledges that his claim was investigated. He claims that Mora refused to look any further into Plaintiff's PREA complaint. Any claim that the PREA liaison failed to follow prison policies or rules fails to state a claim regarding the PREA investigation. The violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished).

The PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a

private right of action, enforceable under § 1983. *Haffner v. Geary Cty. Sheriff's Dep't*, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (citations omitted) (collecting cases).  "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law.*" *Id.*  (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)).  Plaintiff cannot pursue a § 1983 claim based on the alleged failure to comply with the PREA.  Plaintiff should show good cause why his claims in Count III should not be dismissed for failure to state a claim.

### D.  Money Damages

The failure to allege a physical injury or sexual act prohibits compensatory damages under 42 U.S.C. § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).  Section 2246 defines a sexual act and sexual contact as follows:

**(2)** the term "sexual act" means—

**(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
**(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
**(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
**(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of

16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

**(3)** the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2) and (3). Plaintiff's allegations describe sexual contact as defined in the statute, not a sexual act. Therefore, he is not entitled to compensatory damages unless he alleges a physical injury. Plaintiff has failed to allege a physical injury.

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)). *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at \*6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury."). Plaintiff should show good cause why his request for compensatory damages should not be denied pursuant to 42 U.S.C. § 1997e(e) and 18 U.S.C. § 2246(2).

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that

a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3115-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.  Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to the Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 24, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

13

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 24, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated June 24, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

14