FILED
U.S. District Court
District of Kansas
08/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHAUNCEY L. BROWNFIELD,**

**Plaintiff,**

**v.** **CASE NO. 26-3115-JWL**

**ALLEN CARTER, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On June 24, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until July 24, 2026, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted until July 24, 2026, to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond to the MOSC or to file an amended complaint by the Court's deadline.

As Count I, Plaintiff alleges that his right to not incriminate himself was violated when Cristina Moore tried to pry Plaintiff's eyes open to check his pupils after Plaintiff refused medical treatment. He also claims that this was done in front of "unwelcome company" and constituted a HIPAA violation. The Court found in the MOSC that Plaintiff failed to explain how his Fifth Amendment rights were violated or how he was forced to incriminate himself. Plaintiff acknowledged that he refused to let Moore check his pupils, and he was not compelled to have them checked. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself, . . .." U.S. Const. amend. V. "The Supreme Court

has concisely stated that '[t]o qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled.'" *United States v. Morgan*, 294 F. Supp. 3d 1218, 1224–25 (D. N.M. 2018) (citing *Hiibel*, 542 U.S. at 189, 124 S. Ct. 2451 (citing *United States v. Hubbell*, 530 U.S. 27, 34–38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000)) ).

The Court also found that Plaintiff's claim of a HIPAA violation does not state a claim for relief under § 1983. The Tenth Circuit Court of Appeals has determined that HIPAA does not create a private right of action for unlawful disclosures of medical information. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."). The Court ordered Plaintiff to show good cause why his claims in Count I should not be dismissed for failure to state a claim.

As Count II, Plaintiff alleges sexual harassment and unnecessary force based on Jonathan Gillespie and Allison Cunningham aggressively tearing Plaintiff's pants and boxers off, slapping Plaintiff's butt cheeks, laughing on their way out of the cell, and leaving Plaintiff naked in a cell with bars. Plaintiff alleges that normal procedure is to let the inmate undress themselves and if the inmate is unable, they will cut the clothing off. Plaintiff claims that Lt. Carter was angry because Plaintiff would not let the nurse check him out, so Carter ordered Gillespie and Cunningham to strip Plaintiff. Plaintiff alleges that "they" came into the cell, slammed Plaintiff face-down on the floor, ripped his pants and boxers off "violently," and "slapped [Plaintiff's] butt cheeks and laughed on the way out of the cell."

Plaintiff alleges that he was subjected to sexual harassment when Defendants slapped his butt cheeks, laughed as they exited the cell, and left him naked in the cell. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological

purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain, that is forbidden by the Eighth Amendment." *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000) (internal quotations omitted) (citations omitted). A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Id.*; *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998).

In this case, Plaintiff alleges that Defendants slapped his butt cheeks, laughed, and left him naked in the cell. "In *Joseph,* the Tenth Circuit affirmed the dismissal of plaintiff's Eighth Amendment excessive force claim that a secretary in the prison education department touched him several times in a suggestive manner and exposed her breasts, causing emotional distress." *Lewis v. Carrell*, 2013 WL 593663, at *6 (D. Kan. 2013) (citing *Joseph*, 2000 WL 1532783, at *1–2). "The court found that objectively, the alleged sexual harassment was not sufficiently serious to state an Eighth Amendment violation." *Id.*

This Court in *Lewis* found that the plaintiff plausibly alleged an Eighth Amendment violation where the plaintiff alleged that during a pat-down search the officer grabbed plaintiff's penis and applied pressure, causing plaintiff to experience pain in his groin and blood in his urine. *Id*. at *2, *6. The Court distinguished two cases finding no violation—one where the contact occurred during a confrontational search, and one where the plaintiff suffered no injury. *Id*. at *5 (citing *Rhoten v. Werholtz,* 243 Fed. Appx. 364 (10th Cir.2007) (confrontational search), and *Joseph*, 2000 WL 1532783, at *1–2 (no injury)).

The Court found in the MOSC that Plaintiff has not alleged how long he was left naked in the cell, or whether his sexual harassment claim in based solely on the one instance of being

slapped on the butt cheeks. Plaintiff has also failed to distinguish between the actions of Defendant Jonathan Gillespie and Defendant Allison Cunningham, referring instead to their collective actions. The Court stated that in filing an amended complaint, Plaintiff should clarify the actions taken by each defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Robertson v. Las Animas County Sheriff's Dept.,* 500 F.3d 1185, 1193 (10th Cir. 2007); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "To establish a violation of § 1983 . . . the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Porro v. Barnes,* 624 F.3d 1322, 1327–28 (10th Cir.2010).

In Count II, Plaintiff alleges sexual harassment and unnecessary force. (Doc. 1, at 6.) As his supporting facts for this claim, he refers to Defendants Gillespie and Cunningham aggressively tearing off his pants and boxers, slapping his butt cheeks, and leaving him naked in the cell. *Id*. Although Plaintiff does not mention being slammed face down on the ground in Count II, he does state that allegation in the section of his Complaint asking him to briefly state the background of his case. *Id*. at 5. The Court found in the MOSC that in filing an amended complaint: Plaintiff should clarify whether or not he is alleging excessive force based on being slammed to the ground; Plaintiff should provide supporting facts regarding the incident and whether or not he received any injuries; and Plaintiff should also distinguish between the actions of Defendant Jonathan Gillespie

and Defendant Allison Cunningham. Plaintiff has failed to file an amended complaint by the Court's deadline.

As Count III, Plaintiff alleges a due process violation based on the closing of the PREA investigation after Plaintiff made a report. Plaintiff claims that Mark Mora refused to look any further into Plaintiff's PREA complaint. The Court noted in the MOSC that Plaintiff acknowledged that his claim was investigated. He claims that Mora refused to look any further into Plaintiff's PREA complaint. The Court found that any claim that the PREA liaison failed to follow prison policies or rules fails to state a claim regarding the PREA investigation. The violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished).

The PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Haffner v. Geary Cty. Sheriff's Dep't*, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (citations omitted) (collecting cases). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S.

329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Court found in the MOSC that Plaintiff cannot pursue a § 1983 claim based on the alleged failure to comply with the PREA, and ordered him to show good cause why his claims in Count III should not be dismissed for failure to state a claim.

The Court granted Plaintiff until July 24, 2026, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 4, at 13.) Plaintiff has failed to file an amended complaint and has failed to respond to the MOSC by the Court's deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 11, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**